IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY C. GOBEN, 492518, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-248-D |
| | ) | |
| RICK THALER, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On August 22, 1986, Petitioner pled guilty to five aggravated sexual assault offenses and five burglary of a habitation offenses. *State of Texas v. Gregory C. Goben*, Nos. F-88-82742-VH, F-88-82743-VH, F-88-82744H, F-88-83984H, F-88-84049-H, F-88-84320-H, F-88-84321-H, F-88-84333-H, F-88-843334-H, F-88-843335-H (Crim. Dist. Ct. No. 1, Dallas County, Tex.

Aug. 22, 1986). He was sentenced to life in prison for each conviction, to be served concurrently. Petitioner did not appeal his convictions.

On May 5, 1997, Petitioner filed a state habeas application challenging his conviction for aggravated sexual assault in cause number F88-84335H. On March 18, 1998, the Court of Criminal Appeals denied the petition without written order based on the findings of the trial court.

On May 27, 2011, Petitioner filed nine state habeas petitions challenging his convictions. On April 4, 2012, the Court of Criminal Appeals dismissed one petition, and on January 11, 2012, it denied the other petitions without written order on the findings of the trial court.

On January 22, 2012, Petitioner filed this federal petition for habeas relief. Petitioner argues:

1. He received ineffective assistance of counsel that rendered his guilty pleas involuntary; and

2. New scientific evidence shows that Petitioner had brain injuries which prevented him from having the necessary mens rea to commit the offenses.

On July 16, 2012, Respondent filed his answer. On July 27, 2012, Petitioner filed a reply. The Court now finds the petition should be dismissed as time-barred.

### III. Discussion

**A. Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner was convicted on August 22, 1986. He did not appeal his convictions. His convictions therefore became final thirty days later on September 22, 1986. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file any of his state habeas petitions until after the AEDPA limitations period expired on April 24, 1997. Therefore none of his state habeas petitions tolled the limitations period.

Petitioner was required to file his federal habeas petition by April 24, 1997. He did not file his petition until January 22, 2012. His petition is therefore untimely.

**B.   Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to

equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because he has new evidence that will show he did not have the required mens rea to commit the offenses. He states that prior to the offenses, he suffered head injuries while playing football and when he was involved in a car accident. Although this evidence was known at the time of trial, Petitioner claims that in 2009 he learned of a new type of brain scan called single photon emission computerized tomography ("SPECT"). He contends SPECT will show his brain injuries and will show that he could not have formed the required mens rea to commit the offenses. That Petitioner may have learned of a new type of brain scan does not entitle him to equitable tolling. Petitioner has not presented any new evidence that he suffered brain injuries prior to the offenses that prevented him from forming the required mens rea to commit the offenses. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 2nd day of May, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).